UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-02154-WYD-PAC

BERNICE C. VIGIL,

   Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

   Defendant.
_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Verified Motion for an Award of Reasonable Attorney Fees and Memorandum In Support thereof filed March 8, 2006. The Commissioner filed a response to this motion on March 22, 2006. For the reasons stated below, Plaintiff request for an award of attorney fees is granted, but I have reduced the amount of fees awarded to what I find to be a reasonable amount.

I first note that the Equal Access to Justice Act ["EAJA"] provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden of establishing that the Government's position was substantially justified rests with the Government. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995), *cert. denied*, 516 U.S. 806 (1995). "Substantially justified" has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*,

487 U.S. 552, 565 (1988). Thus, the Government's position must have had a reasonable basis in both law and fact. *Id.*

In the case at hand, the Commissioner does not dispute that an award of fees is justified, she only disputes the reasonableness of the fees sought as well as the hourly rate of Plaintiff's counsel. I find that an award of attorney fees to Plaintiff is appropriate. First, I find that Plaintiff was a prevailing party. According to the Supreme Court, the plaintiff is a prevailing party where she "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, while Plaintiff did not succeed on one issue raised in her brief regarding whether the Appeal Council's decision was arbitrary and capricious, she succeeded on the merits and in almost every other issue raised in the pleadings. Accordingly, I reject the Commissioner's argument that the amount of fees should be reduced because Plaintiff did not prevail on her unsuccessful claim that the Appeals Council's decision was arbitrary and capricious.

Second, I find that an award of fees is proper because I agree with Plaintiff that the Commissioner's position was not substantially justified under the EAJA. In that regard, among other things, the ALJ failed to give proper weight to the opinions of the treating physicians and other medical sources, made improper lay opinions in connection with the medical and other evidence, and erred in connection with the assessment of Plaintiff's residual functional capacity.

I now turn to whether the attorney's fees sought by Plaintiff and the hourly rate of counsel are reasonable. "The most useful starting point for determining the amount of

a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "This calculation provides and objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.*

I find that the time spent by Plaintiff's counsel (70.35 hours) and the paralegal time (29.4 hours) are somewhat excessive for a social security case. *See Hayes v. Sec. of Health and Human Servs*, 923 F.2d 418, 422 (6th Cir. 1990) (noting that the district court concluded that 30 to 40 hours was the average amount of time spent on a social security case); *Chandler v. Sec'y of Health and Human Servs.*, 792 F.2d 70 (6th Cir. 1986) (noting that "41 hours allocated to brief writing, drafting pleadings, research and review of documents seems excessive"); *Isbell v. Chater*, 934 F. Supp. 1129, 1131 (E.D. Mo. 1996) (finding 26.75 hours reasonable for a social security case); *DeGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (concluding in social security cases that compensated hours generally range from twenty to forty hours, and reducing number of hours expended from 30.5 to 45 hours); *Silva v. Bowen*, 658 F. Supp. 72, 73 (E.D. Pa. 1987) (reducing fee award from 54 hours to 29 hours).

However, I acknowledge that Plaintiff's briefs asserted a number of claimed errors on the part of the Commissioner, and were detailed in nature and rather lengthy. The case also raised some novel legal issues, and Plaintiff's counsel was required to spend additional hours not normally expended on obtaining discovery. Thus, I find that this case is more complex than usual in connection with a social security appeal. After reviewing the itemization of services and fees in Exhibit 1 to Plaintiff's motion, I find that

the amount of hours expended by counsel should be reduced from 70.35 to 45 hours.  I reduce the amount of hours expended by the paralegal from 29.4 hours to 20 hours.

Finally, I reject the Commissioner's argument to reduce the hourly rate.  The hourly rate Plaintiff seeks of $158 is only slightly higher than that advocated by the Commissioner of $156.23.  The difference in the rate is negligible, and I find that the hourly rate sought by Plaintiff's counsel is reasonable.

In conclusion, I award fees for 45 hours of time incurred by Plaintiff's counsel at the hourly rate of $158.00 ($7110.00).  I award fees for 20 hours of time incurred by the paralegal at an hourly rate of $50.00 ($1000.00).  The total amount of fees awarded is $8110.00.

Based on the foregoing, it is

ORDERED that Plaintiff's Verified Motion for an Award of Reasonable Attorney Fees filed March 8, 2006 is **GRANTED IN PART AND DENIED IN PART**.  More specifically, the request for an award of fees is granted, but the Court denies fees in the amount sought by Plaintiff's counsel.  Instead, a total of $8110.00 is awarded in fees.

Dated:  May 30, 2006

                                            BY THE COURT:

                                            s/ Wiley Y. Daniel
                                            Wiley Y. Daniel
                                            U. S. District Judge